UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4209

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

  versus

BRIAN TOD SCHELLENBERGER,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:03-cr-00367-BO)

Submitted: August 10, 2007    Decided: September 6, 2007

Before MICHAEL and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony E. Flanagan, LAW OFFICES OF ANTHONY E. FLANAGAN, P.A., Raleigh, North Carolina, for Appellant. George E.B. Holding, Acting United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Tod Schellenberger pled guilty by written plea agreement and was convicted of four counts of sexual exploitation of a child (Counts 1, 3-5), in violation of 18 U.S.C. § 2251(a) (2000); possession of child pornography (Count 2), in violation of 18 U.S.C.A. § 2252(a)(4)(B) and (b)(2) (West 2000 & Supp. 2003); and use of interstate commerce facilities for murder for hire and aiding and abetting same (Count 6), in violation of 18 U.S.C. §§ 1958(a) and 2 (2000). The district court sentenced Schellenberger to 100 years in prison. It did so by imposing consecutive sentences, for the statutory maximum terms, on Counts 1 through 5.

Schellenberger contends on appeal that: (1) the district court erred in calculating his guideline sentence of life imprisonment; (2) "stacking" consecutive sentences to impose what is, in effect, a life sentence was improper; and (3) his 100-year sentence was not authorized by 18 U.S.C. § 3553(a). Finding no error, we affirm.

I.

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance

- 2 -

of the evidence violated the Sixth Amendment. Id. at 226-44. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C. § 3742(e) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Booker, 543 U.S. at 244-65.

Schellenberger's crimes fall under 18 U.S.C. § 3553(b)(2). Because Booker only excised the mandatory sentencing provisions under § 3553(b)(1), it left unaddressed whether the opinion would also apply to the child and sexual crimes described in § 3553(b)(2). United States v. Hecht, 470 F.3d 177 (4th Cir. 2006), answers this question in the affirmative.

After Booker, a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This Court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks omitted). "[A] sentence within the proper advisory Guidelines range is presumptively

reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456 (2007).[*]

## II.

### A.

Schellenberger contends that the court erred by improperly enhancing his offense level under the guidelines. A presentence investigation report ("PSR") established Schellenberger's base offense level at 17, and added 29 levels to account for various sentencing factors. Three points were then subtracted for acceptance of responsibility. This yielded a total offense level of 43. Coupled with a criminal history category of I, Schellenberger's advisory guideline range was life imprisonment.

Schellenberger maintains that the court "impermissibl[y] double-count[ed]" when he received two separate five-level increases for engaging in a pattern of activity involving the abuse or exploitation of a minor, see USSG § 2G2.2(b)(4) (2003), and for engaging in a pattern of prohibited sexual conduct, see id. § 4B1.5(b)(1). He contends that the same course of conduct netted two increases for the same reason. As the district court correctly

---

[*] At sentencing, Schellenberger unsuccessfully raised objections based upon Booker. To the extent that Schellenberger intends to raise Booker challenges on appeal, we find the district court properly treated the guidelines as advisory and found sentencing factors by a preponderance of the evidence. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

- 4 -

Case 5:03-cr-00367-BO   Document 96-2   Filed 10/02/07   Page 4 of 8

determined, this double-counting was permitted, as it was not expressly prohibited by the guidelines. See United States v. Wilson, 198 F.3d 467, 472 (4th Cir. 1999). Each guideline applies because Schellenberger's conduct fell squarely within its definition. Moreover, § 4B1.5(b)(1) states that the five-level enhancement is to be added to the offense levels determined under Chapters Two and Three. Thus, the guidelines intend the cumulative application of these enhancements. We accordingly conclude that Schellenberger's claim fails.

Schellenberger also appeals the district court's application of a two-level enhancement under USSG § 3B1.1(c) (2003), arguing that the court erred by finding he was a leader or organizer in using interstate commerce facilities in the plot to kill his wife. Section 3B1.1(c) applies if the defendant was an organizer, leader, manager, or supervisor in any criminal activity involving fewer than five participants. Schellenberger solicited four people over the Internet to kill his wife, and offered to pay for driving lessons, sent money and pornography to these individuals, and offered his own sons to be raped, killed or sold into sex slavery as compensation. Also in furtherance of the murder plot, Schellenberger sent his wife's schedule, drawings of his home and aerial photography to an individual who had agreed to brutalize and murder Schellenberger's wife, and placed materials under the house to aid that individual in the torture and killing.

- 5 -

All arrangements were made through the Internet. Because Schellenberger clearly was the organizer of the plot to kill his wife, we conclude the district court properly enhanced his sentence based upon § 3B1.1(c).

B.

Schellenberger next argues that the district court erred when it stacked his sentences consecutively to attain the applicable guideline range of life imprisonment. Schellenberger contends that his 100-year sentence is the functional equivalent of life imprisonment, which exceeds the statutory maximum sentence for each of his convictions, and is thus illegal.

Although Schellenberger is correct that the highest statutory maximum for any of the six counts to which he pled guilty is thirty years of imprisonment, "[i]n the case of multiple counts of conviction, the guidelines instruct that if the total punishment mandated by the guidelines exceeds the highest statutory maximum, the district court must impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment." United States v. White, 238 F.3d 537, 543 (4th Cir. 2001) (citing USSG § 5G1.2(d)). Accordingly, we find no error in the district court's decision to "stack" sentences to satisfy Schellenberger's guideline sentence.

C.

Finally, Schellenberger claims his sentence was not authorized by § 3553(a) because his sentence is greater than necessary to comply with the purposes of sentencing. He argues that as a forty-three-year-old man, his 100-year sentence exceeds the term needed to ensure that he remains imprisoned for life.

Because Schellenberger's 100-year sentence is essentially a life sentence (and not more than a life sentence), it is within the applicable guideline range and, thus, presumptively reasonable. The district court appropriately treated the guidelines as advisory and properly calculated and considered the guideline range as well as the relevant factors under 18 U.S.C. § 3553(a). The court accepted the facts found in the PSR, and the testimony of the witnesses about the conduct, and found no reason to depart from the guideline range. Although the court did not discuss every § 3553(a) factor, it was not required to do so. Cf. United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) ("The district court need not discuss each factor set forth in § 3553(a) in checklist fashion; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." (internal quotation marks omitted)). Implicit in the court's ruling was the serious nature of Schellenberger's offenses against his wife and children. While his sentence is lengthy, we conclude that neither Schellenberger nor the record suggests any information sufficiently

- 7 -

compelling to rebut the presumption that a sentence within the properly calculated guideline range is reasonable.

### III.

Accordingly, we affirm Schellenberger's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>